# In the United States Court of Federal Claims

No. 17-2052C

Filed: April 16, 2019

| | |
|---|---|
| LUKE T. WEST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Supplementing The Administrative |
| v. ) | Record; Motion To Strike. |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

*Claiborne W. Brown*, Counsel of Record, Mandeville, LA, for plaintiff.

*Daniel S. Herzfeld*, Trial Attorney, *Steven J. Gillingham*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Joseph H. Hunt*, Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC; *Lieutenant P. Tyson Marx*, Of Counsel, Judge Advocate General Corps, United States Navy, for defendant.

**MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION TO SUPPLEMENT OR STRIKE PORTIONS OF THE ADMINISTRATIVE RECORD**

GRIGGSBY, Judge

## I.   INTRODUCTION

In this military pay action, plaintiff, Luke T. West, has moved to strike certain documents contained in the administrative record filed in this matter on April 30, 2018, or, alternatively, to supplement the administrative record, pursuant to Rule 7 of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Pl. Mot. The government opposes plaintiff's motion, with certain exceptions, upon the ground that the documents contained in the administrative record are properly before the Court and that supplementing the existing administrative record would not aide meaningful judicial review. *See generally* Def. Resp. For the reasons discussed below, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** plaintiff's motion.

## II.     FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.     Factual Background

Plaintiff was discharged from the United States Marine Corps ("USMC") on March 11, 2015, following his general court-martial conviction under Articles 81, 93, and 134 of the Uniform Code of Military Justice ("UCMJ"). Am. Compl. at ¶ 88; *see also* AR Tab 155.1 at 4261. In this military pay action, plaintiff alleges that he was the victim of "a coordinated leveling of false allegations of sexual assault against him," during his tenure at the Marine Forces Reserves located in New Orleans, LA, and he challenges his general court-martial conviction and subsequent discharge from the military. Am. Compl. at ¶¶ 17, 84-94. As relief, plaintiff requests, among other things, that the Court vacate the findings and sentence of his general court-martial; placement in retirement status; the correction of his military records; back pay; and other benefits. *Id*. at Prayer for Relief.

As background, on December 23, 2013, the Navy's Convening Authority referred plaintiff to a general court-martial and charged him with, among other things, sexual assault and various violations based upon the use of indecent language. *See* AR Tab 16.1 at 343-48; AR Tab 155.1 at 3459-60.[2] After the Navy conducted an additional investigation into plaintiff's conduct, the Convening Authority referred a new case against plaintiff to a general court-martial on August 21, 2014, and charged plaintiff with five violations of the UCMJ: (1) conspiring to obstruct justice regarding the testimony of Staff Sgt. Rachel Allen in violation of UCMJ Article 81; (2) three specifications of failing to obey lawful regulations in violation of UCMJ Article 92; (3) four specifications of maltreating subordinate Marines in violation of UCMJ Article 93; (4) four specifications of assault in violation of UCMJ Article 128; and (5) three specifications of prejudicing good order and discipline and bringing discredit to the armed forces, including obstruction of justice, in violation of UCMJ Article 134. AR Tab 17.2 at 371-76; AR Tab 155.1 at 3459-60.

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the administrative record ("AR") and plaintiff's amended complaint ("Am. Compl."). Except where otherwise noted, all facts recited herein are undisputed.

[2] On April 23, 2014, the Convening Authority withdrew and dismissed the initial charges against plaintiff without prejudice based upon a new investigation. AR Tab 16.1 at 349; AR Tab 155.1 at 3460.

Subsequently, the members venire found plaintiff guilty of: (1) conspiracy to commit obstruction of justice under UCMJ Article 81; (2) maltreatment of Staff Sgt. Allen; (3) indecent language to Staff Sgt. Allen based on the same statement under UCMJ Article 134; and (4) obstruction of justice under UCMJ Article 134. *See* AR Tab 155.1 at 4261. And so, the members sentenced plaintiff to a reprimand; reduction in paygrade to E-3; and 30-days confinement. *Id.* at 4379.

On March 5, 2015, the Convening Authority approved the verdict and sentence. AR Tab 1 at 7. Plaintiff was subsequently discharged from the military on March 11, 2015. Compl. at ¶ 88.

Thereafter, plaintiff pursued an Article 69(a) appeal. AR Tab 144 at 2796-2809. The Navy Office of the Judge Advocate General denied plaintiff's Article 69 request for relief on June 9, 2017. AR Tab 156 at 4383. Plaintiff contends in this action that he was wrongfully discharged from the military due to a "wrongfully influenced" investigation that resulted in his conviction at general court-martial. Compl. at ¶¶ 88-91.

### B. Procedural Background

Plaintiff filed the amended complaint in this military pay action on January 16, 2018. *See generally* Compl. On April 30, 2018, the government filed the administrative record. *See generally* AR.

On May 14, 2018, plaintiff filed a motion to supplement the administrative record and to strike portions of the administrative record. *See generally* Pl. Mot. On May 18, 2018 plaintiff filed a supplemental appendix to his motion to supplement the administrative record and to strike portions of the administrative record by leave of the Court. *See generally* Pl. App'x.

On June 1, 2018, the government filed a response and opposition to plaintiff's motion to supplement the administrative record and to strike portions of the administrative record. *See generally* Def. Resp. On June 8, 2018, plaintiff filed a reply in support of his motion to supplement the administrative record and to strike portions of the administrative record. *See generally* Pl. Reply.

Plaintiff's motion to supplement the administrative record and to strike portions of the administrative record having been fully briefed, the Court resolves the pending motion.

### III.     LEGAL STANDARDS

#### A.     Supplementing And Striking The Administrative Record

The United States Court of Appeals for the Federal Circuit held in *Axiom Resource Management, Inc. v. United States*, 564 F.3d 1374 (Fed. Cir. 2009), that the "parties' ability to supplement the administrative record is limited" and that the administrative record should only be supplemented "if the existing record is insufficient to permit meaningful review consistent with the [Administrative Procedure Act]." *Axiom Res. Mgmt., Inc.*, 564 F.3d at 1379-81; *see also Caddell Constr. Co., Inc. v. United States*, 111 Fed. Cl. 49, 93 (2013). The Federal Circuit also recognized that the Supreme Court held in *Camp v. Pitts* that "'the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.'" *Axiom Res. Mgmt., Inc.*, 564 F.3d at 1379 (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)).

This focus is maintained to prevent courts from using new evidence to "convert the arbitrary and capricious standard into effectively de novo review." *L-3 Commc'ns EOTech, Inc. v. United States*, 87 Fed. Cl. 656, 671 (2009) (internal quotation marks omitted); *see also Murakami v. United States*, 46 Fed. Cl. 731, 735 (2000). And so, this Court has interpreted the Federal Circuit's directive in *Axiom*, within the context of bid protest matters, to mean that supplementation of the administrative record is permitted to correct mistakes and fill gaps, but is not permitted when the documents proffered are unnecessary for an effective review of the government's decision. *L-3 Commc'ns EOTech, Inc.*, 87 Fed. Cl. at 672.

This Court has also held that the proper standard of review for a motion to strike a document from the administrative record is the mirror image of the one that applies to motions to supplement the administrative record. *Raytheon Co. v. United States*, 121 Fed. Cl. 135, 156 (2015); *see also Axiom Res. Mgmt.*, 564 F.3d at 1380-81. Given this, the Court will strike a document from an administrative record if its inclusion would preclude effective, meaningful judicial review. *Raytheon Co.*, 121 Fed. Cl. at 156. ("[G]iven the importance of having a properly constituted administrative record to permit meaningful judicial review, common sense demands that the court use the same standard for motions to supplement the administrative record and motions to remove documents from the administrative record.").

## IV.   LEGAL ANALYSIS

The government filed the administrative record in this matter on April 30, 2018. *See generally* AR. The administrative record consists of 4,383 pages, including the record of trial and documents related to plaintiff's Article 69(a) appeal. *Id*. Plaintiff has moved to strike certain documents contained in the administrative record, or, alternatively, to supplement the administrative record upon various grounds. *See generally* Pl. Mot.

First, plaintiff seeks to strike portions of the record of trial, found at AR 1493-1569 and 1986-2009, upon the ground that these documents were not included in the record of trial for this matter; but, rather, added to the record after the Navy Office of the Judge Advocate General denied plaintiff's Article 69(a) appeal. Pl. Mot. at 1; *see also* Pl. Mem. at 6-7. Alternatively, plaintiff seeks to supplement the administrative record with an alternative copy of the record at trial. Pl. Mot. at 1; *see also* Pl. Mem. at 6-7.

Second, plaintiff seeks to strike the Staff Judge Advocate Addendum, dated March 3, 2015, found at AR 10-11, upon the ground that this document is not authentic. Pl. Mot. at 1-2; *see also* Pl. Mem. at 7-8. Third, plaintiff seeks to strike certain text messages contained in an enclosure to his Rules of Court Martial ("RCM") 1105 submission, found at AR 24-163, because the document is illegible, or, alternatively, to supplement the administrative record with a different copy of these messages. Pl. Mot. at 2; *see also* Pl. Mem. at 8.

In addition, plaintiff seeks to supplement the administrative record with additional correspondence between plaintiff and the Navy Office of the Judge Advocate General regarding plaintiff's Article 69(a) appeal. Pl. Mot. at 2; *see also* Pl. Mem. at 8-9. Lastly, plaintiff seeks to strike the copy of his motion for a preliminary injunction and the exhibits thereto filed in *West v. Crawford*, No. 17-1294 (E.D. LA Feb. 14, 2017), found at AR 3221-3447, or, alternatively, to supplement the administrative record with the entire court record for that proceeding. Pl. Mot. at 2; *see also* Pl. Mem. at 9-10.

The government opposes plaintiff's motion, with certain exceptions, upon the ground that the administrative record appropriately includes the documents that were reviewed by the final agency decision maker that decided plaintiff's Article 69(a) appeal. *See generally* Def. Resp. The government also argues that the Staff Judge Advocate Addendum contained in the administrative record is properly before the Court, because this document was prepared in the

ordinary course of reviewing plaintiff's clemency petition and was among the materials reviewed by the Navy during plaintiff's Article 69(a) appeal. *Id*. at 7-8.

In addition, the government contends that the Court should deny plaintiff's motion to strike certain text messages contained in plaintiff's RCM 1105 submission, because a legible version of these messages is contained elsewhere in the administrative record. *Id*. at 8. Lastly, the government acknowledges that the administrative record should be corrected to include certain email correspondence between plaintiff and the Navy Office of the Judge Advocate General and to include certain additional court filings in *West v. Crawford*. *Id*. at 9-10. And so, the government proposes that it correct the administrative record to add these documents and requests that the Court otherwise deny plaintiff's motion. *Id*. at 10.

For the reasons discussed below, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** plaintiff's motion to supplement, or strike portions of, the administrative record.

As an initial matter, the Court **GRANTS** plaintiff's request to add additional correspondence between plaintiff and the Navy Office of the Judge Advocate General to the administrative record. Pl. Mot. at 2. The government acknowledges that the administrative record in this matter should be corrected to include the email correspondence between plaintiff and the Navy Office of the Judge Advocate General. Def. Resp. at 8. And so, these emails should be included in the administrative record before the Court.

The Court also **GRANTS-IN-PART** plaintiff's request to include certain court filings in the *West v. Crawford* litigation in the administrative record. *Id*. at 2. The government agrees that the administrative record should be corrected to include certain additional filings in *West v. Crawford* that the Navy Office of the Judge Advocate General, Criminal Law Division possessed during plaintiff's Article 69(a) appeal. *Id*. at 9-10. And so, the Court **DIRECTS** the government to correct the administrative record to add these documents.

The Court must, however, **DENY** plaintiff's request to strike portions of the record of trial contained in the administrative record. Plaintiff argues in his motion that portions of the record of trial found at AR 1493-1569 and 1986-2009 should be removed from the administrative record, because these documents were added to the record of trial after the Navy Office of the Judge Advocate General denied his Article 69(a) appeal. Pl. Mot. at 1. In its response to plaintiff's motion, the government acknowledges that the electronic version of the

record of trial that was provided to the Convening Authority contains missing or out-of-order pages.  Def. Resp. at 2.  But, the government also correctly argues that the administrative record that the Court should consider in this case is the administrative record that was actually before the decision maker for plaintiff's Article 69(a) appeal—the Navy Assistant Judge Advocate General for Military Justice ("AJAGMJ").  *Id*.; AR Tab 156 at 4383; *see also* Waits Decl. at ¶ 11.

In this regard, the government represents that the Navy Office of the Judge Advocate General, Criminal Law Division prepared the record for the AJAGMJ to review during plaintiff's Article 69(a) appeal, and that the administrative record filed with the Court is the record that the AJAGMJ used to review plaintiff's request for relief.[3]  Def. Resp. at 3; *see also* Waits Decl. at ¶¶ 1, 4.  Given these representations, the Court agrees with the government that there is no basis for striking, or supplementing, the record of trial contained in the administrative record.

The Court must also **DENY** plaintiff's motion to strike the Staff Judge Advocate Addendum, dated March 3, 2015, from the administrative record.  Pl. Mot. at 2.  Plaintiff unpersuasively argues that there should be no presumption of regularity regarding the existence of this document and that the addendum is not authentic.  *Id*.; Pl. Mem. at 7-8; Pl. Reply at 8-9.  The government explains in its response that this addendum was prepared by the Navy Office of the Judge Advocate General during the review of plaintiff's clemency petition and the Navy did not provide the addendum to plaintiff at that time in accordance with the rules of courts-martial.  Def. Resp. at 7-8; *see* RCM 1106(f)(7).  Because a review of the addendum supports the government's representations regarding the genesis and purpose of this document, the Court **DENIES** plaintiff's request to strike the addendum from the administrative record.  *See* AR Tab 3 at 10-11.

As a final matter, the Court also **DENIES** plaintiff's motion to strike, or supplement, certain text messages contained in an enclosure to plaintiff's RCM 1105 submission found at AR 24-163.  Pl. Mot. at 2; *see also* Pl. Mem. at 8.  A review of the administrative record reveals that

---

[3] The government states in its response that the Navy Office of the Judge Advocate General, Criminal Law Division received both a scanned electronic and paper copy of the record of trial and that the Criminal Law Division relied only upon the paper copy of the record of trial, which did not contain missing or out of order pages.  Def. Resp. at 3.

a legible version of these text messages is available elsewhere in the administrative record. *See* AR Tab 85 at 1848-1987; AR Tab 103 at 2406-2546. And so, there is no basis for striking or supplementing these messages.

## V. CONCLUSION

In sum, the parties to this action agree that the administrative record in this matter should be corrected to add additional email correspondence between plaintiff and the Navy Office of the Judge Advocate General and certain court filings in *West v. Crawford* that were in the possession of the Navy Office of the Judge Advocate General, Criminal Law Division during plaintiff's Article 69(a) appeal. Plaintiff has not, however, met his burden to show that the remainder of his requests to supplement, or strike portions of, the administrative record are warranted to ensure meaningful judicial review of this dispute. And so, for the foregoing reasons, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** plaintiff's motion to supplement the administrative record and to strike portions of the administrative record.

It is further **ORDERED** that, on or before **May 17, 2019**, the government shall correct or amend the administrative record to add:

(1) The email correspondence between plaintiff and the Navy Office of the Judge Advocate General; and

(2) The filings in *West v. Crawford* that the Navy Office of the Judge Advocate General, Criminal Law Division possessed during plaintiff's Article 69(a) appeal.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
Judge